UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHIRECE JOYCE CLARK,                    Case No. 16-12167

           Plaintiff,                   Robert H. Cleland
v.                                      United States District Judge

COMMISSIONER OF SOCIAL SECURITY,        Stephanie Dawkins Davis
                                        United States Magistrate Judge
           Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 10, 13)**

**I.    PROCEDURAL HISTORY**

     A.    Proceedings in this Court

     On June 14, 2016, plaintiff filed the instant suit seeking judicial review of

the Commissioner's decision disallowing social security disability benefits.  (Dkt.

1).  Pursuant to 28 U.S.C. § 636(b)(1)(A)-(C) and Local Rule 72.1(b)(3), District

Judge Robert H. Cleland referred this matter to the undersigned magistrate judge

for the purpose of reviewing the Commissioner's decision denying plaintiff's

claims.  (Dkt. 3).  On October 17, 2016, plaintiff filed a motion for summary

judgment.  (Dkt. 10).  On January 17, 2017, the Commissioner filed a motion for

summary judgment.  (Dkt. 13).  The matter is now ready for report and

recommendation.

B.    Administrative Proceedings

On September 27, 2013, plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits. On the same date, plaintiff also protectively filed a Title XVI application for supplemental security income. In both applications, plaintiff alleged disability beginning September 1, 2012. (Dkt. 7-5, Pg ID 220-229). The Commissioner initially denied plaintiff's applications on December 5, 2013. (Dkt. 7-3, Pg ID 140-163). Thereafter, plaintiff requested an administrative hearing, and on January 15, 2015, she appeared with counsel before Administrative Law Judge ("ALJ"), Dawn M. Gruenburg who considered her case *de novo*. (Dkt. 7-2, Pg ID 79-116). In a March 12, 2015 decision, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act. *Id*. at Pg ID 122-138. The ALJ's decision became the final decision of the Commissioner on April 26, 2016 when, after reviewing additional exhibits,[1] the Social Security Administration's Appeals Council denied plaintiff's request for review. *Id*. at Pg ID 61-67.

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED IN PART** and **DENIED IN PART**, that defendant's motion for summary judgment be **DENIED**, and that the findings of the Commissioner be **REVERSED AND REMANDED** for proceedings in accordance with this Report and Recommendation.

## II.   FACTUAL BACKGROUND

On the alleged onset date plaintiff was 43 years of age, which is defined as a younger individual.  (Dkt. 7-2, Pg ID 133).  Plaintiff has at least a high school education and has past relevant work as a production line welder at Ford Motor Company for 13 years, an unskilled job with a special vocational preparation level (SVP) of 2, generally and actually performed at the medium exertional level.  *Id.* Plaintiff also worked most recently as an assembly press operator at Crispy Collections for 5 years, also SVP 2, which was generally and actually performed at the light exertional level.  *Id.*  Plaintiff alleges that her physical and mental conditions have precluded her from working since September 2012.

### A.   ALJ Findings

The ALJ applied the five-step disability analysis to plaintiff's claims and found at step one that plaintiff did not engage in any substantial gainful activity since September 1, 2012, the alleged onset date.  (Dkt. 7-2, Pg ID 127).  At step two, the ALJ found that plaintiff had the following severe impairments:

3

degenerative disc disease of the lumbar spine, degenerative joint disease of the

right shoulder and right knee, diabetes mellitus, chronic anemia, obesity, an

anxiety disorder, and an affective disorder (20 CFR 404.1520(c) and 416.920(c)).

*Id*. At step three, the ALJ found that plaintiff did not have an impairment or

combination of impairments that met or equaled one of the listings in the

regulations. *Id*. at Pg ID 128. After careful consideration of the entire record, the

ALJ determined that plaintiff had the residual functional capacity (RFC):

> to perform light work as defined in 20 CFR 404.1567(b)
> and 416.967(b) except that the claimant needs to sit and
> stand at 15 minute intervals throughout the work day.
> The claimant can frequently climb stairs, she can
> occasionally balance, stoop, kneel and crouch, but she
> can never climb ladders, and she can never crawl. The
> claimant can occasionally use the lower extremities for
> pushing and pulling, including foot pedals, she can
> occasionally reach in any direction with the dominant
> upper extremity, she can occasionally push/pull with the
> bilateral upper extremities, and she can frequently handle
> and finger with the upper extremities. The claimant is
> capable of simple tasks on a sustained basis, but she
> must avoid the stresses of fast paced production rate or
> any in tandem work, and the claimant would best work
> alone or in small familiar groups with only brief and
> superficial contact with the general public.

*Id.* at Pg ID 129. At step four, the ALJ determined that plaintiff could not perform

any past relevant work. *Id*. at Pg ID 133. At step five, the ALJ found that, given

plaintiff's age, education, work experience and RFC, there are sufficient jobs that

exist in the national economy that plaintiff can perform. *Id*. Thus, the ALJ

concluded that plaintiff has not been under a disability from the alleged onset date through the date of her decision. *Id*. at Pg ID 134.

B.     Plaintiff's Claims of Error

Plaintiff makes several claims of error in challenging the ALJ's decision. Three of plaintiff claims go directly to the ALJ's treatment of her mental and physical RFC. Specifically, plaintiff argues that the ALJ erred because there is no support in the record for the RFC assessment because the record is devoid of any RFC findings by a non-examining physician. In this regard, plaintiff indicates that there was a non-medical, single-decision maker on behalf of the agency who evaluated the case, but there is no equivalency or physical RFC determination. Plaintiff also argues that the ALJ failed to comply with SSR 96-8p in that she failed to include a "function-by-function" assessment based on all of the relevant evidence of plaintiff's ability to do work-related activities. Plaintiff also claims that the ALJ failed to properly assess plaintiff's mental RFC as required by SSR 96-8p and SSR 85-15. Plaintiff's additional claims of error include a claim that the ALJ erred when she failed to obtain further medical review after key medical evidence was added to the record subsequent to the State Agency Medical Consultant's last review of the case. Plaintiff also argues that the ALJ committed reversible error when she discounted the opinion of plaintiff's treating mental health therapist contrary to agency requirements. And, finally, plaintiff states that

the ALJ erred when she failed to explain the weight accorded to the opinion of State agency psychologist, Kathy Morrow, PhD. For all of these reasons, plaintiff asks for summary judgment to be granted in her favor, and to reverse the decision of the Commissioner and enter a finding that plaintiff is disabled. In the alternative, plaintiff asks for the case to be remanded for an appropriate analysis of the questions raised in the motion.

C.    The Commissioner's Motion for Summary Judgment

The Commissioner first argues that the ALJ was not required by the regulations to obtain an updated medical opinion. SSR requires an ALJ to obtain an updated medical opinion only when (1) there is medical evidence that suggests to the ALJ that the claimant's condition may be equivalent to a listed impairment; or (2) when additional medical evidence is received that, in the opinion of the ALJ, may change the State agency consultant's finding that the impairment does not equal a listed impairment. *Courter v. Comm'r of Soc. Sec.*, 479 Fed. Appx. 713, 723 (6th Cir. 2012) (quoting *Kelly v. Comm'r of Soc. Sec.*, 314 Fed. Appx. 827, 830 (6th Cir. 2009)); SSR 96-6p, 1996 WL 374180 at *3-4 (July 2, 1996). The Commissioner says that plaintiff did not argue at the hearing that her impairments met or medically equaled a listing, and she does not argue now which listing she believes her impairments equaled or how the evidence that she now cites shows that her impairments equaled during the relevant period.

The Commissioner also argues that substantial evidence supports the RFC assessment. With respect to plaintiff's physical RFC, the Commissioner argues that it is plaintiff's burden to provide evidence of her impairments. Second, as plaintiff concedes, the ALJ appropriately gave no weight to the assessment by the non-medical single decisionmaker. Third, as the Sixth Circuit has noted, an ALJ is not required to base her RFC findings on a medical opinion. *Coldiron v. Comm'r of Soc. Sec.*, 391 Fed. Appx. 435, 439 (6th Cir. 2010) ("An ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering an RFC finding."); *see also Poe v. Comm'r of Soc. Sec.*, 342 Fed. Appx. 149, 157 (6th Cir. 2009). Here, the Commissioner contends that the ALJ discussed relevant evidence in the record to support her findings that plaintiff could perform a limited range of light work. In addition, the ALJ considered plaintiff's obesity and determined an RFC that included several postural, manipulative and exertional limitations. Furthermore, the ALJ's findings are supported by the testimony of the vocational expert ("VE") that there are jobs available at the light work level.

With respect to plaintiff's mental RFC, the Commissioner argues that the ALJ properly relied on the opinion of State agency psychologist Kathy Morrow, Ph.D., who opined that plaintiff may be limited in her ability to meet more complex and detailed work demands, but retained the mental capacity to sustain an

independent routine of simple work activity and could tolerate low stress demands as well as adapt to simple changes in routine. The ALJ also incorporated limitations into the RFC based on evidence that plaintiff had residual mood swings and isolated herself socially. Because Dr. Morrow was not a "treating physician," rather she was a State agency psychologist, the ALJ was under no obligation to provide "good reasons" for the weight she afforded to that opinion.

The Commissioner also argues that the ALJ properly considered the subsequent record before giving weight to Dr. Morrow's opinion, as Dr. Morrow's opinion pre-dated plaintiff's entire mental health history. In assessing the opinion of plaintiff's treating therapist, Ms. Beal, the Commissioner argues that substantial evidence supports the ALJ's conclusion to discount that opinion for two reasons: first, Ms. Beal was not considered an acceptable medical source; and second, Ms. Beal's opinions were not consistent with the treatment notes and records from other providers.

Finally, with respect to plaintiff's argument that the ALJ failed to provide a function-by-function assessment of her RFC, the Sixth Circuit has held that type of analysis is not required. *Delgado v. Comm'r of Soc. Sec.*, 30 F. Appx 542, 547 (6th Cir. 2002). For all of these reasons, the Commissioner asks the court to find that substantial evidence supports the ALJ's determination that plaintiff was not disabled, and to enter judgment affirming her final decision.

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters*, 127 F.3d at 528. In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or

decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v.*

*Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800

F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a

scintilla of evidence but less than a preponderance; it is such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486

F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard

presupposes that there is a 'zone of choice' within which the Commissioner may

proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027,

1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record

only.  *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir.

2001).  When reviewing the Commissioner's factual findings for substantial

evidence, a reviewing court must consider the evidence in the record as a whole,

including that evidence which might subtract from its weight.  *Wyatt v. Sec'y of

Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of

appeals and the district court may look to any evidence in the record, regardless of

whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc.

Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that

either the ALJ or the reviewing court must discuss every piece of evidence in the

administrative record.  *Kornecky*, 167 Fed. Appx., at 508 ("[a]n ALJ can consider

all the evidence without directly addressing in his written decision every piece of

evidence submitted by a party.") (internal citation marks omitted) (*see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

B.     Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be

determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.
>
> Step Two: If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do
> basic work activities," benefits are denied without
> further analysis.
>
> Step Three: If plaintiff is not performing substantial
> gainful activity, has a severe impairment that is expected
> to last for at least twelve months, and the severe
> impairment meets or equals one of the impairments listed
> in the regulations, the claimant is conclusively presumed
> to be disabled regardless of age, education or work
> experience.
>
> Step Four: If the claimant is able to perform his or her
> past relevant work, benefits are denied without further
> analysis.
>
> Step Five: Even if the claimant is unable to perform his
> or her past relevant work, if other work exists in the
> national economy that plaintiff can perform, in view of
> his or her age, education, and work experience, benefits
> are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing,

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review

terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C.     <u>Analysis and Conclusions</u>

1.     Step 3 - Equivalency

While the parties have framed the issue of equivalency as whether the Commissioner was required to obtain an "updated" medical opinion on the issue,

it is notable that the record is, in fact, devoid of <u>any</u> medical opinion on the issue at all. In the view of the undersigned, and in the circumstances of this case, the lack of any medical opinion on the issue of equivalence at Step Three of the ALJ's sequential analysis is an error requiring remand.[2] SSR 96-6p provides that, "[a]n updated medical expert opinion must be obtained by the administrative law judge or the Appeals Council before a decision of disability based on medical equivalence can be made." 1996 WL 374180 at *1. Moreover, as acknowledged in *Stratton v. Astrue*, 987 F.Supp.2d 135, 147 (D. N.H. 2012), the policy guidance for SSR 96-6p describes the process by which ALJs are to make step-three determinations:

> The administrative law judge ... is responsible for deciding the ultimate legal question whether a listing is met or equaled. As trier of the facts, an administrative law judge ... is not bound by a finding by a State agency medical or psychological consultant or other program physician or psychologist as to whether an individual's impairment(s) is equivalent in severity to any impairment in the Listing of Impairments. However, *longstanding policy requires that the judgment of a physician* (or psychologist) designated by the Commissioner *on the issue of equivalence on the evidence* before the administrative law judge ... *must be received into the record as expert opinion evidence and given appropriate weight.*

---

[2] Plaintiff argues that the ALJ should have solicited an updated medical opinion on equivalence following the submission of additional evidence that post-dated Dr. Morrow's opinion; however, there was never an initial opinion on medical equivalence made in this case at Step 3. It is that error that demands a remand here.

1996 WL 374180, at *3 (emphasis added); *Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004) ("Whether a claimant's impairment equals a listing is a medical judgment, and an ALJ must consider an expert's opinion on the issue.") (citing 20 C.F.R. § 1526(b)); *Retka v. Comm'r of Soc. Sec.*, 1995 WL 697215, at *2 (6th Cir. Nov. 22, 1995) ("Generally, the opinion of a medical expert is required before a determination of medical equivalence is made.") (citing 20 C.F.R. § 416.926(b)); *Modjewski v. Astrue*, 2011 WL 4841091, at *1 (E.D. Wis. Oct. 21, 2011) (warning that an ALJ who makes a step-three equivalence determination without expert opinion evidence runs the risk of impermissibly playing doctor). Cases in this district have held similarly. *See e.g.*, *Hardy v. Commissioner of Soc. Sec.*, 2016 WL 1128085 (E.D. Mich. March 23, 2016) (signature of medical expert on Disability Determination Explanation form insufficient to support equivalence determination where expert failed to mention equivalence and merely agreed with SDM's RFC assessment) (Parker, J.); *Guido v. Commissioner of Soc. Sec.,* 2014 WL 4771929 *11 (E.D. Mich. Sept. 24, 2014) (ALJ's failure to discuss weight given to Disability Determination and Transmittal (DDT)-signatory doctor on medical equivalence decision required remand as there was no evidence that she considered any medical opinion on the issue) (Murphy, J.).

The *Stratton* court further explains that SSR 96-6p treats equivalence determinations differently from determinations as to whether an impairment meets

a listing, requiring expert evidence for the former, but not the latter. *Stratton*, 987

F.Supp.2d at 148 (citing *Galloway v. Astrue*, 2008 WL 8053508, at \*5 (S.D. Tex.

2008) ("The basic principle behind SSR 96-6p is that while an ALJ is capable of

reviewing records to determine whether a claimant's ailments meet the Listings,

expert assistance is crucial to an ALJ's determination of whether a claimant's

ailments are equivalent to the Listings.") (citation and quotation marks omitted)).

This expert opinion requirement can be satisfied by the signature of a medical

advisor on the Disability Determination Transmittal Form ("DDT"). *Stratton*, 987

F.Supp.2d at 148 (citing SSR 96-6p, 1996 WL 374180, at \*3 (The expert opinion

evidence required by SSR 96-6p can take many forms, including "[t]he signature

of a State agency medical ... consultant on an SSA-831-U5 (Disability

Determination and Transmittal Form).")); *Field v. Barnhart*, 2006 WL 549305, at

\*3 (D. Me. Mar. 6, 2006) ("The Record contains a Disability Determination and

Transmittal Form signed by Iver C. Nielson, M.D .... discharging the

commissioner's basic duty to obtain medical-expert advice concerning the Listings

question."), *adopted by* 2006 WL839494 (D. Me. Mar. 30, 2006)). However, in

the instant record, the Disability Determination and Transmittal (DDT) Form was

not signed by a medical advisor as to plaintiff's physical impairments.[3] Indeed,

---

[3] The DDT in this case was signed by the agency examiner, a single decision maker, who is not identified as a medical advisor, and the psychological consultant who opined as to plaintiff's mental impairments and mental RFC. (Dkt. 7-3, Pg ID 140-141). Notably, while a

the ALJ noted that "no physician or acceptable medical source has offered an opinion that the claimant's impairments, either singly or in combination, meet or medically equal any listing, nor is there other evidence of this []."  (Dkt. 7-2, Pg ID 128).  Neither, of course, is there an opinion stating the opposite - there simply is no medical opinion at all on the issue of whether plaintiff's physical impairments medically equal a listing.

The great weight of authority holds that a record lacking any medical advisor opinion on equivalency requires a remand.  *Stratton*, 987 F.Supp.2d at 149-150 (collecting cases); *see e.g. Caine v. Astrue*, 2010 WL 2102826, at *8 (W.D. Wash. Apr. 14, 2010) (directing ALJ to obtain expert-opinion evidence on equivalence where none was in the record), *adopted by* 2010 WL 2103637 (W.D. Wash. 2010); *Wadsworth v. Astrue*, 2008 WL 2857326, at *7 (S.D. Ind. 2008) (holding that where record included no expert-opinion evidence on equivalence, "[t]he ALJ erred in not seeking the opinion of a medical advisor as to whether Mr. Wadsworth's impairments equaled a listing"); *see also*, *Maynard v. Comm'r*, 2012 WL 5471150 (E.D. Mich. 2012) ("[O]nce a hearing is requested, SSR 96-6p is applicable, and requires a medical opinion on the issue of equivalence."); *Harris v.*

---

psychologist properly signed the DDT concerning evaluation of plaintiff's mental impairments, "[c]ase law in this circuit has held that a psychologist is not qualified to evaluate a claimant's physical capacity or to sign off on such an evaluation."  *Salem v. Colvin*, 2015 WL 12732456 at *3 (E.D. Mich. Aug. 3, 2015) citing, *Buxton v. Halter*, 246 F.3d 762 (6th Cir. 2001) (additional citations omitted).

*Comm'r*, 2013 WL 1192301, *8 (E.D. Mich. 2013) (a medical opinion on the issue of equivalence is required, regardless of whether the SDM model is implicated) (Ludington, J.). Indeed, "[n]either the ALJ nor this court possesses the requisite medical expertise to determine if [Plaintiff's] impairments ... in combination equal one of the Commissioner's listings." *Sheeks v. Comm'r of Soc. Sec.*, 2015 WL 753205, at *7 (E.D. Mich. Feb. 23, 2015) (Duggan, J.) (citation omitted). Thus, there is no serious dispute that failure to obtain an opinion on equivalence at step three is an error.

The Commissioner contends, however, that the failure to obtain an updated medical opinion on equivalency does not require remand because plaintiff did not meet her burden of establishing equivalency with medical evidence. Indeed, it is axiomatic that the plaintiff bears the burden of proving equivalency, as set forth in *Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001), and *Lusk v. Comm'r of Soc. Sec.*, 106 Fed. Appx. 405, 411 (6th Cir. 2004) (plaintiff must "present medical evidence that describes how his impairment is equivalent to a listed impairment"). None of those cases, however, feature an instance where the ALJ failed to obtain a medical opinion on the issue of equivalency or where this was raised as an issue on appeal. Of course, plaintiff bears the burden of proof at step three, but the Commissioner has pointed to no authority suggesting that this burden somehow negates the ALJ's regulatory

obligation under the Commissioner's own binding guidance to obtain a medical opinion on equivalency.

Plainly, the ALJ merely determined that plaintiff's particular conditions did not satisfy each Listing identified (as is within her purview), and stated in the heading of the discussion on the listings that none of plaintiff's individual conditions medically equaled any Listing. Yet, equivalency was not even addressed in the body of this discussion, other than to note the lack of any medical opinion on equivalency. (Dkt. 7-2, Pg ID 128). This however, misses a critical component of the equivalence analysis, which includes the requirement to assess severe impairments in <u>combination</u>. If a claimant has more than one impairment (as plaintiff does here), the Commissioner must determine "whether the combination of [the] impairments is medically equal to any listed impairment." 20 C.F.R. § 404.1526(a).

The regulation further provides that an opinion by a medical consultant will be considered in making such an assessment:

> When we determine if your impairment medically equals a listing, we consider all evidence in your case record about your impairment(s) and its effects on you that is relevant to this finding. We do not consider your vocational factors of age, education, and work experience (see, for example, § 404.1560(c)(1)). *We also consider the opinion given by one or more medical or psychological consultants designated by the Commissioner.* (See § 404.1616.)

20 C.F.R. § 404.1526(c) (emphasis added). Not only is there no medical opinion to support the ALJ's equivalency analysis (as acknowledged by the ALJ), but nothing in the ALJ's analysis suggests that she considered plaintiff's impairments in combination. The admonition in *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 655-58 (6th Cir. 2009) that "courts generally should exercise caution in conducting harmless error review" of a step three finding because harmlessness "may be difficult, or even impossible, to assess" applies here because neither the ALJ nor this Court possesses the medical expertise to interpret the significant medical evidence in the record to determine if plaintiff's impairments, in combination, equal any of the applicable listings. *See Allor v. Colvin*, 2016 WL 7650798, at *6 (E.D. Mich. Nov. 28, 2016) (Stafford, M.J.), report and recommendation adopted 2017 WL 2350061 (E.D. Mich. May 31, 2017) (Cox, J.).

Additionally, the undersigned points out that the ALJ indicated that plaintiff had seven severe impairments that had more than a minimal impact on the plaintiff's ability to perform basic work activities. (Dkt. 7-2, Pg ID 127). "Where a claimant has both psychiatric and physical impairments, a medical opinion solely on psychiatric impairments will not suffice to inform the equivalence analysis of physical impairments, or the combination of physical and psychiatric impairments. *Id.* (citing *Trainor v. Commissioner of Soc. Sec.*, 2014 WL 988993, at *23, *report and recommendation adopted*, 2014 WL 988993 (E.D. Mich. Mar. 13, 2014)). In

*Trainor* the court was not "comfortable analyzing equivalence in the first instance" since the administrative record showed that the claimant had "significant physical impairments that might equal a listing." *Id.* at 25. That same concern troubles this court under the instant facts.

The Court acknowledges that the failure to obtain a medical opinion concerning equivalence can be harmless error in some circumstances. However, in the opinion of the undersigned, this does not appear to be one of those occasions. *See e.g.*, *Bukowski v. Comm'r of Soc. Sec.*, 2014 WL 4823861, at *6 (E.D. Mich. Sept. 26, 2014). For example, the error may be considered harmless where "the evidence does not demonstrate the possibility that [the plaintiff] could meet the criteria of a listed impairment." *Leveque v. Colvin*, 2015 WL 4601156, at *6 (E.D. Mich. July 31, 2015), adopted by 2015 WL 5612016 (Sept. 23, 2015). As explained in *Bukowski*, "'the harmless error inquiry turns on whether the ALJ would have reached the same conclusions,' at Step Three had there been a medical opinion on the combination of Bukowski's psychiatric and physical impairments." *Bukowski*, 2014 WL 4823861, at *5. In *Bukowski*, the failure to obtain an opinion on equivalence was deemed harmless "given Plaintiff's failure to adduce evidence that the physical impairments had any effect on her psychiatric impairments and her admission that her psychiatric impairments were the basis for her disability." *Id.* at *6. Yet here, unlike the plaintiff in *Bukowski*, plaintiff has made no such

admission, thus rendering *Bukowski* inapposite. Similarly, in *Leveque*, the step three error was found to be harmless because plaintiff failed to provide medical evidence showing that she met the criteria in the listings for her physical impairments. However, as explained in *Stratton*, a medical opinion is not required for an ALJ to determine if a claimant meets a Listing. It is only required for equivalence, which is necessarily a medical determination. As such, *Leveque* does not seem to reach the precise issue presently before the Court.

Notably, *Leveque* and *Bukowski* are based on *Rabbers*. In *Rabbers*, the Sixth Circuit concluded that the ALJ's failure to rate the "B" criteria at step three was harmless; but again, there was no issue of a failure to obtain a medical opinion on equivalency there. Indeed, there appears to have been a consulting examination by one expert and another who completed a Psychiatric Review Technique Form, which, of course, includes an analysis of equivalence. *See* 582 F.3d at 650. This was so because faced with an ALJ's failure to address the B criteria, a reviewing court need only ask if the claimant's mental impairment would have ultimately satisfied that criteria. The kind of evidence considered under the B criteria is "objective, concrete factual and medical evidence that will be apparent in the record ... ." *Id*. And, as noted above, *Rabbers* expressly warned that "courts generally should exercise caution in conducting harmless error review" of a step three finding because harmlessness "may be difficult, or even impossible, to assess

..." 582 F.3d at 657-658. A medical opinion on the issue of equivalence does not lend itself to this kind of analysis because formulating such a medical opinion falls squarely outside the expertise of either an ALJ or the Court. *See e.g.*, *Freeman*, *supra*; *see also Oliver v. Colvin*, 2013 WL 6191230, at *12 (S.D. Ohio Nov. 26, 2013), report and recommendation adopted, 2013 WL 6645580 (S.D. Ohio Dec. 17, 2013) ("Based on a careful review of the material the ALJ considered elsewhere in his decision, the Court is simply unable to determine that a reasonable factfinder, following the correct procedure, could not have resolved the Step 3 finding in another manner.").

The Commissioner's reliance on *Courter v. Commissioner of Soc. Sec.*, 479 Fed. Appx. 713, 724 (6th Cir. 2012) is also unavailing. In *Courter*, the Sixth Circuit ruled that where the ALJ had implicitly decided that plaintiff's additional records concerning her claim of mental retardation would not save her claim, remand for an updated medical opinion was unnecessary. The facts in *Courter* are distinguishable from the facts here in that there was no issue of any failure to obtain a medical opinion on equivalency. Indeed, the court observed that prior to the introduction of the additional records, the medical consultant there had opined that "[c]laimant's poor school performance was due to non-intellectual, outside factors." *Id.* at 724. Thus, the ALJ's decision was framed as one to determine whether the "new evidence would 'change the State agency medical or

psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments.'" *Id.* (citations omitted). The plaintiff in *Courter* could not show that the new records would have changed the agency expert's opinion. Therefore, remand was inappropriate. Needless to say, the ALJ's decision there had considered the medical consultant's opinion on the front-end, when the initial decision on medical equivalence was formulated. And, it was through that prism that the appellate court made its assessment of error. In the instant case, there was no such front-end consideration of medical equivalence as to plaintiff's physical impairments, leaving *Courter* less than instructive here.

Similarly, the Commissioner's reliance on *Nabours v. Commissioner of Soc. Sec.*, 50 Fed. Appx. 272 (6th Cir. 2002) is misplaced. *Nabours* dealt with the issue of the ALJ's responsibility under the regulations to develop the record with a *pro se* claimant. The court held that the plaintiff in *Nabours* had shown herself capable of presenting her case "with no discernable problems." *Id*. at 275. Based on its conclusions as to her capabilities, the court held that the ALJ did not err in failing to procure certain medical reports that were not part of the record. The case did not touch upon the need for a medical opinion on the issue of equivalence, and did not otherwise discuss the requirements set forth in SSR 96-6p or 20 C.F.R. § 404.1526(c).

For these reasons, the undersigned concludes that this matter must be remanded so that the ALJ can obtain the opinion of a qualified medical advisor on the issue of equivalence as to all of plaintiff's physical and mental impairments during the relevant period. Given that the opinion of a medical advisor must be obtained, the ALJ will necessarily be required to re-assess the RFC finding in full after such an opinion is obtained. As such, it is not necessary to address plaintiff's remaining arguments at this time.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED IN PART** and **DENIED IN PART**, that defendant's motion for summary judgment be **DENIED**, and that the findings of the Commissioner be **REVERSED AND REMANDED** for proceedings in accordance with this Report and Recommendation.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 17, 2017                         s/Stephanie Dawkins Davis
                                              Stephanie Dawkins Davis
                                              United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on <u>August 17, 2017</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

<div style="margin-left: 40%;">

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

</div>